UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES D. INGRAM, )<br>   Plaintiff, )<br>         )<br>  v.         )<br>          )<br>KILOLO KIJAKAZI, Acting Commissioner )<br>of the Social Security Administration,  )<br>   Defendant.    )  | CAUSE NO.: 2:21-CV-109-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff James D. Ingram on March 30, 2021, and Plaintiff's Opening Brief [DE 21], filed January 21, 2022. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On February 3, 2022, the Commissioner filed a response, and Plaintiff filed his reply on March 21, 2022. For the following reasons, the Court remands the Commissioner's decision.

**I. Background**

On February 5, 2019, Plaintiff filed an application for benefits alleging that he became disabled on April 20, 2004, at the hearing he amended that date to February 5, 2019. Plaintiff's application was denied initially and upon reconsideration. On August 14, 2020, Administrative Law Judge ("ALJ") Cindy Martin held a hearing at which Plaintiff, along with an attorney and a vocational expert ("VE"), testified. On September 25, 2020, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant has not engaged in substantial gainful activity since February 5, 2019, the application date.

1

2. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine with radiculopathy; degenerative disc disease of the thoracic spine; mild degenerative joint disease of the right shoulder; headaches; obesity; and asthma.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

4. The claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except: occasionally climb ramps and stairs; never climb ladders, ropes, and scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; frequent reach, handle, finger, and feel with the dominant right upper extremity; no more than occasional exposure to hazards; no more than occasional exposure to concentrated dusts, odors, gases, and poor ventilation; no more than occasional exposure to extreme heat and cold; and no more than occasional exposure to loud noise as defined by the SCO.

5. The claimant has no past relevant work.

6. The claimant was a younger individual on the application date.

7. The claimant has a limited education.

8. Transferability of job skills is not an issue because the claimant does not have past relevant work.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10. The claimant has not been under a disability, as defined in the Social Security Act, from February 5, 2019, the application date, through the date of this decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. [DE 10]. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42

U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence, or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

**III.    Analysis**

Plaintiff argues that the ALJ erred by rejecting a treating medical professional's opinion, reaching an improper Residual Functional Capacity ("RFC"), and improperly rejecting Plaintiff's subjective pain symptoms. The Commissioner argues that the ALJ appropriately explained what weight she gave to the opinion, that the ALJ's RFC was correct, and the ALJ properly considered Plaintiff's subjective symptoms.

The RFC is an assessment of what work-related activities the claimant can perform despite her limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004); *see also* 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). In evaluating a claimant's RFC, an ALJ is expected to take into consideration all of the relevant evidence, both medical and non-medical. *See* 20 C.F.R. §§ 404.1545(a)(3); 416.945(a)(3). "When determining residual functional capacity, the ALJ 'must evaluate all limitations that arise from medically determinable impairments, even those that are not

4

severe, and may not dismiss a line of evidence contrary to the ruling.'" *Stage v. Colvin*, 812 F.3d 1121, 1125 (7th Cir. 2016) (quoting *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir.2009)).

Plaintiff argues that the ALJ did not adequately account for all of Plaintiff's limitations in the RFC. For example, the ALJ noted that Plaintiff reported that he has cluster migraine headaches but did not include any accommodation for headaches other than environmental limitations as to noise and hazards. The ALJ noted that Dr. Gong, Plaintiff's treating neurologist, referenced Plaintiff's "three to four clusters per year that last for one or two months." AR 26. Dr. Gong further opined that Plaintiff would be unable to perform any work functions when he has a headache. AR 26. The ALJ rejected Dr. Gong's opinions because they were based on the claimant's subjective reports, but there are extensive reports of the headaches, and treatment for them, in Plaintiff's medical records. See e.g., AR 587, 589. Even though they may not themselves be disabling, cluster headaches, in which Plaintiff has one or more headaches a day for several weeks in a one to two month period, with photophobia and phonophobia, which, when medication is taken, still require one hour to "start feeling a little better," AR 51, could obviously affect Plaintiff's capacity for work. Despite that, the ALJ's opinion does not include any discussion of their limiting effects, either as part of the RFC or to describe why she substantially discounted them, and this omission is an error. *See Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) ("A decision denying benefits need not discuss every piece of evidence, but if it lacks an adequate discussion of the issues, it will be remanded."); *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003) ("[T]he ALJ may not ignore an entire line of evidence that is contrary to the ruling."). The omission is particularly concerning because the ALJ included no time off task or absenteeism parameters in her hypothetical questions to the VE, AR 54-57, raising concerns that the ALJ overlooked the evidence of limitations that might lead to a disability finding. *Denton v. Astrue*, 596 F.3d 419, 426 (7th Cir. 2010) ("An

ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding.").

In making the step four finding, the ALJ may rely on the testimony of a vocational expert regarding "the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy." 20 C.F.R. §§ 404.1560(b), 416.920(b). The "vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy." 20 C.F.R. §§ 404.1560(b), 416.920(b). The Seventh Circuit Court of Appeals has held that "an ALJ cannot describe a claimant's job in a generic way – [such as] 'sedentary' – and conclude, on the basis of the claimant's residual capacity, that she can return to her previous work." *Nolen v. Sullivan*, 939 F.2d 516, 518-19 (7th Cir. 1991) (citing *Strittmatter v. Schweiker*, 729 F.2d 507 (7th Cir. 1984)). Rather, "the ALJ must list the specific physical requirements of the previous job and assess, in light of the available evidence, the claimant's ability to perform these tasks." *Id*. (citing *Strittmatter*, 729 F.2d at 509; SSR 82-62 (1982)). As noted above, the ALJ's questions to the VE did not include any time off task or time off work as a result of cluster headaches. When Plaintiff's counsel asked the VE about absenteeism standards, the VE testified that a person who missed more than 10% of his time at work would likely lose their job, as would an employee who had a fine attendance record and then missed two weeks in a row or who was unproductive more than 20% of the time. The VE also testified that if an employee required an additional at will half-hour to one-hour break each day, he would be unemployable. AR

58-59. Although Plaintiff may not need time off work or be off-task at all times, the ALJ completely disregarded his cluster headaches' impact, raising concerns that she either completely missed or disregarded medical evidence in the record that did not support her conclusion. *See Denton v. Astrue*, 596 F.3d 419, 426 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding.").

This case is being remanded for a new RFC that fully incorporates all of Plaintiff's limitations, alone and in combination, or adequately explains why the claimed impairments are not included, and thoroughly include all limitations in the hypothetical questions addressed to the VE. The ALJ must also consider all opinions, and give them their proper weight, as well as consider Plaintiff's subjective symptoms in light of the medical opinions.

### VI.  Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Brief [DE 21] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 17th day of August, 2022.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:  All counsel of record